### SARAH STEARNS *versus* AUGUSTUS H. FISKE.

The decision by a single judge of this Court, of a question of fact upon the hearing of a probate appeal, may be excepted to, and may be revised by the whole Court, if the judge fully reports the evidence. It is, however, within the discretion of the judge, at such hearing, to sustain a motion for the revision of his judgment as to matters of fact, and report the evidence, or not.

Where, upon the application of the widow of an intestate for letters of administration, it appeared, that she was under the influence of a person who was indebted to the estate in a large amount, and who was charged with combining with the intestate in his lifetime to defraud his creditors, and that such application was made at the request of such debtor and not to protect or subserve the interest of the widow, it was *held*, that she was an unsuitable person to administer.

If a party applying for letters of administration is evidently unsuitable to discharge the duties of such trust, the judge of probate is authorized and is bound to deny his petition.

THIS was an appeal from a decree of the judge of probate for Suffolk, granting letters of administration to the appellee on the estate of Jonathan P. Stearns, and refusing them to the appellant, who was the widow of the deceased.

At a hearing of the appeal, before *Wilde* J.. it appeared

that the appellee was a creditor of the deceased ; that the deceased had been an inhabitant of Boston until July 1833, when he left the Commonwealth, owing large sums of money to divers persons ; and that he died in the State of New York, on February 13th, 1834, leaving estate in this Commonwealth of which administration was necessary.

Stearns
v.
Fiske.

The appellee contended : 1. That the deceased had become domiciled in New York, and that the appellee, being a creditor, was interested in the estate of the deceased, and therefore as he had first presented his petition, was entitled to administration by virtue of *St.* 1817, *c.* 190, § 16 ; and 2. That the widow of the deceased, being manifestly an unsuitable person to be appointed to that trust, it was competent for the judge of probate to appoint a creditor of the deceased to be administrator.

On the part of the appellant it was contended, that she was of right entitled, as widow, to administer ; that no legal incapacity to execute the trust was shown ; and that no evidence of her being otherwise unsuitable, could deprive her of the right to administer, until the unsuitableness had been manifested after her appointment and in the course of discharging the trust.

The presiding judge was of opinion, upon the evidence produced, that the appellant was an unsuitable person to be appointed administratrix of the deceased, because she was under the influence of one Barker, to whom the deceased had fraudulently conveyed a large amount of property not long before his death, the deceased, at that time, being insolvent, and Barker being also a large debtor to the estate of the deceased, on four notes, two of which were given for the sum mentioned in two of the conveyances from the deceased to Barker ; that the judge of probate might properly refuse letters of administration to her, and grant them to the defendant ; and that the decree of the judge of probate ought to be confirmed.

To this opinion the counsel for the appellant excepted. If the Court should determine that such opinion was erroneous, they were to enter such decree as to them should seem right, or to order a rehearing.

*Aylwin*, for the appellant, as to the unsuitableness of the

March 16th

Stearns
v.
Fiske.

appellant to be appointed administratrix, cited *Winship* v. *Bass*, 12 Mass. R. 199 ; *Stebbins* v. *Lathrop*, 4 Pick. 33 ; *Andrews* v. *Tucker*, 7 Pick. 250 ; *Hill* v. *Mills*, 12 Mod. 9 ; Bacon's Abr. *Executors & Administrators*, *A* ; *Rex* v. *Raines*, 1 Ld Raym. 361 ; *Conyers* v. *Kitson*, 3 Haggard's Consist. R. 556.

*Rand* and *Fiske*, for the appellee, to the point, that a decision by a single judge of this Court, as to the unsuitableness, in point of *fact*, of the appellant, for the trust, could not be excepted to, cited *Higbee* v. *Bacon*, 11 Pick. 423 ; as to the unsuitableness of the appellant for the trust, *M' Gooch* v. *M' Gooch*, 4 Mass. R. 348 ; *Andrews* v. *Tucker*, 7 Pick. 250 ; and as to the extent of the authority of the judge of probate to refuse administration to a person unfit for that trust, *West* v. *Smith*, 3 Phillimore, 374 ; *Williams, in re*, 3 Haggard's Consist. R. 217 ; *Hinckley, in re*, 1 Haggard, 477.

*March 21st.*    WILDE J. delivered the opinion of the Court. A hearing was had on this appeal at the sittings after the last March term, when the several questions were raised which have been now argued. The appellant claims the right to administer on the estate of her deceased husband, under the *St.* 1817, c. 190, § 14. This right the appellee denies on two grounds : 1. Because the appellant was and is an unsuitable person to have administration ; and 2. Because she does not come within the provision of the 14th section, her husband having had his domicil in the State of New York, at the time of his death, and in such case the judge of probate had a discretionary power, by virtue of the 16th section of the same statute, to grant administration to any one interested in the estate of the deceased.

To prove that the appellant was an unsuitable person to have administration, the appellee introduced several witnesses, and other evidence also was introduced on the part of the appellant, in relation to the same subject of inquiry, all of which evidence is reported. On considering this evidence, I was of opinion, that the appellant was not a suitable person to be appointed administratrix ; and that there was nothing erroneous in the judgment of the judge of probate in rejecting her claim, and I decided accordingly.

To this decision the appellant's counsel excepted ; and the first question to be considered is, whether, in point of fact, the appellant was an unsuitable person for this trust.   The appellee's counsel insist that this is not an open question, and that no exception can be taken to the decision of a single judge, upon the evidence submitted to his judgment as to any matter of fact.   By the ˌSt. 1828, c 2, § 4, it is provided, that this Court, when holden by one or more of the justices thereof, shall have jurisdiction of, and may hear and determine, all appeals from any Probate Court, and may affirm or reverse the decree appealed from ; subject however to all such exceptions as are provided by law in the trials of issues in fact before said Court.   By a strict construction of this statute, a party cannot except to a decision of a single judge upon mere matters of fact ; but we think it was the intention of the legislature to give to parties as large a privilege to have a decision revised in probate cases as are allowable in ordinary trials.   And as a party may have a new trial when the evidence does not support the verdict, we are of opinion, that the decision of a single judge may be revised by the whole Court, if the judge fully reports the evidence, and it should appear that the decision of the judge was manifestly against evidence.   It is, however, within the discretion of the judge, at the hearing, to sustain a motion for the revision of his judgment as to matters of fact, and to report the evidence or not, as he may do on motion to set aside a verdict in ordinary cases as against evidence.   The Court have therefore considered the evidence in this case, and are oi opinion that the decision at the hearing, that the appellant was an unsuitable person to have administration, is fully sustained by the evidence.

It appears that the appellant was very much under the influence of Barker, a debtor to the estate to a large amount, and who is charged with combining with the intestate, in his lifetime, to defraud his creditors.   The appellant's application for administration was made at his request, and not to protect or subserve her own interest.   This influence might and probably would be exerted to the prejˑdice of the creditors, had the appellant been appointed administratrix, and if they might have a remedy against her on her bond, it would increase the ex-

penses of litigation, for the recovery of which the creditors could have no legal adequate remedy. And besides, an administrator, if so disposed, may prejudice the interests of those for whose benefit the estate is administered, without being exposed to any action. It seems to the Court, therefore, very manifest, that the appellant was an unsuitable person to have administration in this estate.

The second question is, whether the appellant is by law entitled to administration, notwithstanding she is found evidently unsuitable to discharge the duties of that trust.

This point, we think, can admit of no doubt. By the St. 1783, c. 24, § 19, the judges of probate, in their respective counties, are authorized and empowered to grant letters of administration to such person as to the judge may seem meet, when any executor or administrator shall become insane, or otherwise incapable of, or evidently unsuitable to discharge the trust reposed in him. It follows conclusively, we think, that if the appellant would be liable to be removed immediately after her appointment, the judge of probate might well refuse to appoint her and was bound so to do ; for the appointment would have been a useless and vain act, which the law will never enforce.

This being the opinion of the Court on these two questions, it becomes unnecessary to consider the questions of domicil, and of the construction of the 16th section of the St. 1817, c. 190.

*Decree of the judge of probate affirmed.*